UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

ROBERT R. SPRATLEY

    PLAINTIFF,

V.

AMQ INTERNATIONAL CORPORATION

AND

    DEFENDANT.

_____/

CASE NO.:

8:17cv1300T26 JSS

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Robert Spratley, (hereinafter referred to as "the Plaintiff"), by and through his undersigned counsel and sues the Defendant, AMQ INTERNATIONAL CORPORATION, (hereinafter referred to as the "Defendant"), and states as follows:

### Introduction

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Middle District of Florida because the Defendant employed the Plaintiff in Hillsborough County, Florida, at is main place of business.

4. Plaintiff was an employee of the Defendant and at all times relevant to violations of the the Act was engaged in interstate commerce as defined by 29 U.S.C. 207(a).

5. Defendant is a Florida corporation, respectively, having its main place of business in Hillsborough County, Florida and at all times material hereto was and is engaged in interstate commerce.

6. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

7. The Plaintiff have retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## GENERAL FACTUAL ALLEGATIONS

8. The Defendant misclassified the employee as an independent contractor not entitled to overtime compensation under the FLSA from his initial hire date of December 21st, 2015 through January 29th, 2017.

9. The Plaintiff was employed by the Defendant to perform general tasks such as test during vehicles, cleaning vehicles, moving vehicles, taking pictures of vehicles and performing miscellaneous tasks as necessary for the business.

10. The Defendant enforced a strict regular schedule, controlled the means and method of performance of the responsibilities, and was the sole source of income for the Plaintiff.

11. The Plaintiff was changed from an independent contractor to an employee on January 19th, 2017, but the Plaintiff's responsibilities, supervision and duties did not change whatsoever as a result of the change in classification.

12. Prior to being classified as an employee, the Plaintiff did not received any time and a half compensation for exceeding forty hours in work during a single workweek.

13. The Plaintiff averaged forty-eight hours of work per workweek between December 21st, 2015 through January 29th, 2017.

## COUNT I: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

14. Plaintiff realleges Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Plaintiff is entitled to time and a half for each hour of work he performed beyond forty regular hours between December 21st, 2015 and through January 29th, 2017 despite being improperly classified as an independent contractor.

16. Defendant violated the overtime provisions of 29 U.S.C. § 207 by not paying the Plaintiff any overtime.

17. Defendant is in possessions of the Plaintiff's time records, work schedule and pay stubs and Plaintiff will need to review said documents and amend the instant Complaint for a specific calculation of damages.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

    a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

18. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-13.

19. After clocking out on the evening of April 7th, 2017, the Plaintiff was asked by his supervisor to meet with him regarding work.

20. The Plaintiff requested a moment to clock back into the system, but was notified he couldn't clock in and would not be compensated for the meeting.

21. The Plaintiff attempted to to have a discussion regarding whether or not he should clock in for the meeting and such actions by the Plaintiff should be considered protected activity.

22. Defendant, in violation of the FLSA's retaliatory discharge provision, terminated the Plaintiff for requesting to clock back in for the work meeting.

23. Pursuant to the FLSA, 29 U.S.C. §201 et seq. and particularly §215(a)(3), it is unlawful for an employer to discharge an employee for protesting a violation of the law by their employers or supervisors.

24. The Defendant's conduct in discharging Plaintiff for protesting a violation of the law by Defendants, as set forth above, violates the FLSA, 29 U.S.C. §201 et seq. and particularly §215(a)(3).

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. Due to Defendant's FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant, without limitation, the payment of wages lost and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff requests judgment against the Defendant for statutory damages, actual damages, attorney's fees and costs, prejudgment and post judgment interest, and such other and further relief as the court may deem proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Respectfully submitted this 17th day of August 2016

FRANK M. MALATESTA
Florida Bar No. 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 220
Venice, FL 34285
941.256.3812 PHONE
888.501.3865 FAX
frank@malatestalawoffice.com